IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVID G. WENZEL,

|  |  |
|---|---|
| Petitioner, | ORDER |
| v. | |
| | 25-cv-468-jdp |
| UNITED STATES OF AMERICA, | 15-cr-63-jdp |
| Respondent. | |

---

Petitioner David G. Wenzel seeks relief under 28 U.S.C. § 2255 following his guilty plea to one count of production of child pornography, in violation of 18 U.S.C. § 2251(a). Wenzel principally contends that attorney Christopher T. Van Wagner provided ineffective assistance by failing to: (1) adequately investigate and argue Wenzel's motion to suppress; and (2) challenge Wenzel's arrest and subsequent detention on due process grounds.

I must review the petition under Rule 4 of the Rules Governing Section 2255 Proceedings (Section 2255 Rules). Rule 4 authorizes me to dismiss a petition to vacate summarily if "it plainly appears from the [petition], any attached exhibits, and the record of the prior proceedings that the [petitioner] is not entitled to relief." A court may dismiss a § 2255 petition as untimely on its own motion if it gives the petitioner notice and an opportunity to respond. *See Day v. McDonough*, 547 U.S. 198, 209–10 (2006); *Arreola-Castillo v. United States*, 889 F.3d 378, 383 (7th Cir. 2018).

The petition and record indicate that the petition is plainly untimely, so I will order Wenzel to show cause why I should not dismiss the petition on that basis.

BACKGROUND

In late March 2015, the mother of a child whom Wenzel was looking after went to the restroom in Wenzel's home and found a hidden camera pointed at the toilet. *United States v. Wenzel*, 854 F.3d 957, 959 (7th Cir. 2017). The mother notified the Rock County Sheriff's Department and, the next day, a detective applied for and obtained a warrant to search Wenzel residence. *Id.* at 959–60. Officers searched Wenzel's residence that day. *Id.* at 960. In early April 2015, officers sought and obtained a follow-up search warrant, which they supported with evidence gathered during the first search. *Id.*

In May 2015, the government charged Wenzel with two counts of unlawfully creating child pornography in violation of § 2251(a). *Id.* In August 2015, Van Wagner moved to suppress evidence from the March search and all derivative evidence. *Id.* The court denied the motion. *Id.* Wenzel pleaded guilty in December 2015 pursuant to a written plea agreement that reserved his right to appeal the court's denial of the motion to suppress. *Id.* In February 2016, the court sentenced Wenzel to 25 years' incarceration and 20 years' supervised release. *Id.*

Van Wagner appealed the denial of the motion to suppress. The court of appeals issued a decision affirming this court's judgment on April 27, 2017. *Id.* at 959, 962.

Meanwhile, in March 2015, multiple state charges were brought against Wenzel for sexual assault, child exploitation, possession of child pornography, and other offenses. *See* docket sheet in Rock County Case No. 2015CR663; *State v. Wenzel*, No. 2018AP2411, 2022 WL 1581032, at *1 (Wis. Ct. App. Mar. 31, 2022). In January 2017, Wenzel pleaded guilty to two counts of child exploitation and three counts of second-degree second assault as a repeater. *See Wenzel*, 2022 WL 1581032, at *1. The circuit court imposed "an aggregate

2

bifurcated sentence totaling sixty-five years, with thirty-five years of initial confinement followed by thirty years of extended supervision." *Id.* at *2. The circuit court also ordered Wenzel's sentences on the state charges to run concurrently to his federal sentence. *Id.*

In July and August 2024, Wenzel wrote Van Wagner letters saying that Van Wagner had yet to send him a complete copy of his case file in the underlying criminal case and the related Rock County prosecution. *United States v. Wenzel*, 15-cr-63-jdp, Dkt. 59-1 and Dkt. 59-2. In September 2024, Wenzel moved to compel Van Wagner to provide the case file. Dkt. 60 in the '63 case. In response, Van Wagner said that he had sent Wenzel the entire case file in November 2021 and confirmed that Wenzel had received an opportunity to review it. Dkt. 61 in the '63 case. Despite those efforts, Van Wagner offered to resend Wenzel the documents listed in his motion to compel. *Id.* at 2–3. Van Wagner later confirmed that he sent those documents to Wenzel at Oshkosh Correctional Institution (OCI), where Wenzel had been incarcerated since May 2017. *See* Dkt. 62 in the '63 case. I denied Wenzel's motion to compel as moot based on Van Wagner's representations, though I told Wenzel that he could file a new motion if he believed that he was entitled to additional documents. Dkt. 63 in the '63 case. Wenzel did not file a new motion to compel.

Wenzel brought his § 2255 petition in early June 2025. Dkt. 1.

ANALYSIS

A one-year limitations period applies to § 2255 petitions. 28 U.S.C. § 2255(f). In material part, the one-year period runs from "the date on which the judgment of conviction becomes final." *Id.* § 2255(f)(1); *see also Dodd v. United States*, 545 U.S. 353, 357 (2005) (noting that "the operative date from which the limitation period is measured" is usually the date in

3

§ 2255(f)(1)); *Clay v. United States*, 537 U.S. 522, 525 (2003) (same). Where, as here, the defendant does not seek direct review in the Supreme Court, § 2255(f)(1)'s one-year period "starts to run when the time for seeking such review expires." *Clay*, 537 U.S. at 532. The time for seeking review expires "90 days after entry of the Court of Appeals' judgment." *Id.* at 525 (citing U.S. Sup. Ct. R. 13(1)). As relevant here, the court of appeals enters judgment on the date on which it issues a decision affirming the defendant's conviction. *Id.* (noting that a court of appeals entered judgment on the date when it affirmed the defendant's convictions); U.S. Sup. Ct. R. 13(3) ("The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate . . . .").

The court of appeals issued its decision affirming this court's judgment on April 27, 2017. The time for Wenzel to seek review in the Supreme Court expired 90 days later on July 26, 2017. Under § 2255(f)'s applicable "anniversary method," Wenzel had until July 26, 2018, to bring his petition. *See United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000); *Louis v. United States*, No. 18-cr-78-wmc, 2022 WL 1165826, at *2 (W.D. Wis. Apr. 20, 2022). Wenzel brought his petition almost seven years later in June 2025. The petition appears to be plainly untimely.

Wenzel contends that the statute of limitations didn't start to run until sometime between July and October 2024, at which time he first discovered his claims. *See* Dkt. 1 at 13–14 (referring to 28 U.S.C. § 2255(f)(4)). Section 2255(f)(4) provides that the one-year statute of limitations starts to run on "the date on which facts supporting the claim . . . presented could have been discovered through the exercise of due diligence."

Wenzel argues that, despite his diligence, he didn't discover the basis of his claim until July 2024 at the earliest. *See id.* Wenzel says that, that month, he bought a book on postconviction relief, from which he first learned that a "§ 2255 [petition] would enable him to now bring forward on record[] all the meritorious issues and claims that Van Wagner failed to recognize or simply ch[o]se to ignore in [Wenzel's] case file. *Id.* at 13. Wenzel also suggests that Van Wagner's failure to provide him with a complete copy of his case file stopped him from discovering his claims sooner. *See id.*

For similar reasons, Wenzel appears to contend that he's entitled to equitable tolling. For equitable tolling to apply, Wenzel must show that (1) he has been pursuing his rights diligently and (2) some extraordinary circumstance prevented timely filing. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). Wenzel "bears the burden of demonstrating both elements of the *Holland* test." *Carpenter v. Douma*, 840 F.3d 867, 870 (7th Cir. 2016).

Based on my review of the petition and the record, I am skeptical of Wenzel's contentions that, despite his diligence, he discovered his claims no earlier than July 2024, and that equitable tolling applies. But I will give Wenzel a short time to respond to this order and show that his petition is timely.

## ORDER

IT IS ORDERED that:

1. Petitioner David G. Wenzel may have until September 5, 2025, to file a response to this order, not to exceed five pages, in which he explains why I should not dismiss his § 2255 petition as untimely. Wenzel's response must have enough space between the lines and in the margins to ensure readability.

2.  If petitioner does not respond by the deadline, I may dismiss the case.

Entered August 15, 2025.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge