IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVID G. WENZEL,

                    Petitioner,                    OPINION and ORDER

  v.

                                                    25-cv-468-jdp

UNITED STATES OF AMERICA,              15-cr-63-jdp

                  Respondent.

---

Petitioner David G. Wenzel seeks relief under 28 U.S.C. § 2255 following his guilty plea to one count of production of child pornography, in violation of 18 U.S.C. § 2251(a). Wenzel principally contends that attorney Christopher T. Van Wagner provided ineffective assistance by failing to: (1) adequately investigate and argue Wenzel's motion to suppress; and (2) challenge Wenzel's arrest and subsequent detention on due process grounds.

The petition and record indicated that the petition was plainly untimely, so I ordered Wenzel to show cause why I should not dismiss the petition on that basis. Wenzel filed a motion in opposition to summary dismissal, Dkt. 10, but the motion adds little to Wenzel's arguments in the petition for timeliness. Those arguments fail to show either that Wenzel could not have discovered his claims any earlier than late 2024, or that equitable tolling applies. I will dismiss the petition with prejudice because it is plainly untimely.

BACKGROUND

In late March 2015, the mother of a child whom Wenzel was looking after went to the restroom in Wenzel's home and found a hidden camera pointed at the toilet. *United States v. Wenzel*, 854 F.3d 957, 959 (7th Cir. 2017). The mother notified the Rock County Sheriff's

Department and, the next day, a detective applied for and obtained a warrant to search Wenzel's residence. *Id.* at 959–60. Officers searched Wenzel's residence that day. *Id.* at 960. In early April 2015, officers sought and obtained a follow-up search warrant, which they supported with evidence gathered during the first search. *Id.*

In May 2015, the government charged Wenzel with two counts of unlawfully creating child pornography in violation of § 2251(a). *Id.* In August 2015, Van Wagner moved to suppress evidence from the March search and all derivative evidence. *Id.* The court denied the motion. *Id.* Wenzel pleaded guilty in December 2015 pursuant to a written plea agreement that reserved his right to appeal the court's denial of the motion to suppress. *Id.* In February 2016, the court sentenced Wenzel to 25 years' incarceration and 20 years' supervised release. *Id.*

On Wenzel's behalf, Van Wagner appealed the denial of the motion to suppress. The court of appeals issued a decision affirming this court's judgment on April 27, 2017. *Id.* at 959, 962.

Meanwhile, in March 2015, multiple state charges were brought against Wenzel for sexual assault, child exploitation, possession of child pornography, and other offenses. *See* docket sheet in Rock County Case No. 2015CR663; *State v. Wenzel*, No. 2018AP2411, 2022 WL 1581032, at *1 (Wis. Ct. App. Mar. 31, 2022). In January 2017, Wenzel pleaded guilty to two counts of child exploitation and three counts of second-degree sexual assault as a repeater. *See Wenzel*, 2022 WL 1581032, at *1. The circuit court imposed an aggregate bifurcated sentence totaling sixty-five years, with thirty-five years of initial confinement followed by thirty years of extended supervision. *Id.* at *2. The circuit court also ordered Wenzel's sentences on the state charges to run concurrently to his federal sentence. *Id.*

In July and August 2024, Wenzel wrote Van Wagner letters saying that Van Wagner had yet to send him a complete copy of his case file in the underlying criminal case and the related Rock County prosecution. *United States v. Wenzel*, 15-cr-63-jdp, Dkt. 59-1 and Dkt. 59-2. In September 2024, Wenzel moved to compel Van Wagner to provide the case file. Dkt. 60 in the '63 case. In response, Van Wagner said that he had sent Wenzel the entire case file in November 2021 and confirmed that Wenzel had received an opportunity to review it. Dkt. 61 in the '63 case. Despite those efforts, Van Wagner offered to resend Wenzel the documents listed in his motion to compel. *Id.* at 2–3. Van Wagner later confirmed that, in October 2024, he sent those documents to Wenzel at Oshkosh Correctional Institution (OCI), where Wenzel had been incarcerated since May 2017. *See* Dkt. 62 in the '63 case. I denied Wenzel's motion to compel as moot based on Van Wagner's representations, though I told Wenzel that he could file a new motion if he believed that he was entitled to additional documents. Dkt. 63 in the '63 case. Wenzel did not file a new motion to compel in his criminal case.

Wenzel brought his § 2255 petition in early June 2025. Dkt. 1.

## ANALYSIS

A one-year limitations period applies to § 2255 petitions. 28 U.S.C. § 2255(f). In material part, the one-year period runs from "the date on which the judgment of conviction becomes final." *Id.* § 2255(f)(1); *see also Dodd v. United States*, 545 U.S. 353, 357 (2005) (noting that "the operative date from which the limitation period is measured" is usually the date in § 2255(f)(1)); *Clay v. United States*, 537 U.S. 522, 525 (2003) (same). Where, as here, the defendant does not seek direct review in the Supreme Court, § 2255(f)(1)'s one-year period

"starts to run when the time for seeking such review expires." *Clay*, 537 U.S. at 532. The time for seeking review expires "90 days after entry of the Court of Appeals' judgment." *Id.* at 525 (citing U.S. Sup. Ct. R. 13(1)). As relevant here, the court of appeals enters judgment on the date on which it issues a decision affirming the defendant's conviction. *Id.* (noting that a court of appeals entered judgment on the date when it affirmed the defendant's convictions); U.S. Sup. Ct. R. 13(3) ("The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate . . . .").

The court of appeals issued its decision affirming this court's judgment on April 27, 2017. The time for Wenzel to seek review in the Supreme Court expired 90 days later on July 26, 2017. Under § 2255(f)'s applicable "anniversary method," Wenzel had until July 26, 2018, to bring his petition. *See United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000); *Louis v. United States*, No. 18-cr-78-wmc, 2022 WL 1165826, at *2 (W.D. Wis. Apr. 20, 2022). Wenzel brought his petition almost seven years later in June 2025. The petition appears to be plainly untimely.

Wenzel argued that the petition was timely in the petition itself, and in his motion in opposition to summary dismissal. Dkt. 1 at 12–14; Dkt. 10. My analysis focuses on the arguments for timeliness that Wenzel makes in the petition because they are more detailed variants of the material arguments that he makes in the motion.

Wenzel contends that the statute of limitations didn't start to run until sometime between July and October 2024, when he first discovered his claims. *See* Dkt. 1 at 13–14 (referring to 28 U.S.C. § 2255(f)(4)). Section 2255(f)(4) provides that the one-year statute of

4

limitations starts to run on "the date on which facts supporting the claim . . . presented could have been discovered through the exercise of due diligence."

Wenzel argues that, despite his diligence, he didn't discover the basis of his claim until July 2024 at the earliest. *See* Dkt. 1 at 13–14. Wenzel says that, that month, he bought a book on postconviction relief, from which he first learned that a "§ 2255 [petition] would enable him to now bring forward on record[] all the meritorious issues and claims that Van Wagner failed to recognize or simply ch[o]se to ignore in [Wenzel's] case file. *Id.* at 13.

This argument fails because discovery of a new legal decision or theory is not the discovery of a new fact under § 2254(f)(4). *United States v. Hayes*, No. 19-cv-50104, 2020 WL 2112367, at *2 (N.D. Ill. May 4, 2020). As the court of appeals has said about an analogous provision, "the trigger in [28 U.S.C.] § 2244(d)(1)(D) is . . . discovery of the claim's factual predicate, not recognition of the facts' legal significance." *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000), *as amended* (Jan. 22, 2001); *see also Tobey v. Chibucos*, 890 F.3d 634, 646 (7th Cir. 2018) ("[A plaintiff's] ignorance of his legal rights does not affect the accrual of his claim for statute of limitations purposes.").

Besides, Wenzel's purchase of a book on postconviction relief in July 2024 does not show diligence. Wenzel's conviction became final under § 2255(f)(1) in July 2017. Wenzel hasn't explained why he waited seven years to obtain this book or otherwise investigate any possible challenges to his conviction. Wenzel has been incarcerated at OCI since May 2017, where he has access to the law library. *See* Dkt. 1 at 13. Even if that access was "limited," as Wenzel says, he had ample time to do the basic legal research required to learn that § 2255(f) has a one-year statute of limitations.

Wenzel also argues that Van Wagner's failure to provide him with a complete copy of his case file stopped him from discovering his claims until November 2024, when he allegedly received the copy that Van Wagner sent in October 2024. *See* Dkt. 1 at 13; Dkt. 10 ¶¶ 7–8, 11, 14, 18–19.

Wenzel's efforts to obtain a complete case file from Van Wagner do not show diligence. I will assume for purposes of my analysis of the timeliness issue that Wenzel started asking for the entire case file in July 2017, and that Van Wagner initially ignored these requests. But it's undisputed that Van Wagner sent Wenzel a copy of his case file in November 2021. *Id.* Wenzel admits that he knew that this copy was incomplete, so he should have tried to obtain a complete copy at that time. But Wenzel waited until July 2024 to write Van Wagner to request the entire case file. Dkt. 59-1 in the '63 case. Wenzel does not explain why he waited for more than two-and-a-half years to take that basic step. Wenzel's vague statements that he had limited law library access and computer problems that caused him to lose legal work do not excuse his failure to complete the simple task of writing a follow-up letter. *See* Dkt. 1 at 13. Wenzel's lack of effort to obtain the complete file sooner than November 2024 doesn't demonstrate diligence.

Wenzel also contends, for the same reasons, that he's entitled to equitable tolling. *See* Dkt. 10 at 3, 5. For equitable tolling to apply, Wenzel must show that (1) he has been pursuing his rights diligently and (2) some extraordinary circumstance prevented timely filing. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). Wenzel "bears the burden of demonstrating both elements of the *Holland* test." *Carpenter v. Douma*, 840 F.3d 867, 870 (7th Cir. 2016).

Wenzel isn't entitled to equitable tolling. As my analysis shows, Wenzel did not diligently pursue his claims after his conviction became final. Nor has Wenzel alleged any facts

6

showing that extraordinary circumstances stopped him from bringing his petition sooner. Even if Van Wagner initially ignored his requests for a complete copy of his case file, it's undisputed that Van Wagner sent him a copy of that file in November 2021. At least from that date forward, Wenzel hasn't alleged facts showing the type of "abandonment by counsel" that may potentially warrant equitable tolling. *See Schmid v. McCauley*, 825 F.3d 348, 350 (7th Cir. 2016).

Wenzel also contends that Van Wagner's failure to conduct an adequate investigation caused a lack of evidentiary discovery, which stopped Wenzel him from bringing his petition sooner. *See* Dkt. 10 ¶¶ 12, 19. I take Wenzel to contend that if Van Wagner had discovered more evidence, Wenzel would have more grounds for relief and would have known about them earlier. This contention is purely speculative, and it does not warrant equitable tolling. *See Carpenter*, 840 F.3d at 870; s*ee also Burkhart v. United States*, 27 F.4th 1289, 1299 (7th Cir. 2022) (district court may deny evidentiary hearing if movant "makes conclusory or speculative allegations rather than specific factual allegations").

Wenzel also contends that I cannot summarily dismiss the petition because I did not screen it for more than 60 days after he filed it. *See* Dkt. 10 ¶ 22. But Rule 4 of the Rules Governing Section 2255 Proceedings does not require courts to complete screening within a specific time frame. And despite the modest delay, Wenzel received an opportunity to show that his petition was timely, which he failed to do.

If Wenzel means to argue in his opposition that he needs discovery to show that his petition is timely, this argument would fail for the reasons in the court's order of September 5, 2025. *See* Dkt. 8.

7

Wenzel has not argued, expressly or otherwise, for an exception to untimeliness based on a credible claim of actual innocence. *See McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013); *Arnold v. Dittmann*, 901 F.3d 830, 837 (7th Cir. 2018). Wenzel's grounds for relief involve alleged deficiencies in Van Wagner's performance, which would at most amount to claims of legal innocence. *See Bousley v. United States*, 523 U.S. 614, 623 (1998) ("[A]ctual innocence means factual innocence, not mere legal insufficiency."); *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992) ("[The] miscarriage of justice exception is concerned with actual as compared to legal innocence.").

To sum up the analysis, the petition and record plainly show that: (1) Wenzel's judgment of conviction became final in July 2017; (2) Wenzel failed to diligently pursue his claims; and (3) equitable tolling does not apply. I will dismiss the petition with prejudice as untimely. I decline to hold an evidentiary hearing because "the motion and the files and records of the case conclusively show that [the petition is untimely]." *See* § 2255(b); *see also Burkhart*, 27 F.4th at 1299; *Mayberry v. Dittmann*, 904 F.3d 525, 532 (7th Cir. 2018) ("The district court need not hold an evidentiary hearing for vague or conclusory allegations.").

## CERTIFICATE OF APPEALABILITY

Because Wenzel seeks relief under § 2255, he may appeal this order only if he obtains a certificate of appealability. I may issue a certificate of appealability only if Wenzel makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because I dismissed the petition on procedural grounds, Wenzel must show that reasonable jurists would debate whether my procedural ruling is correct and whether motion states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Wenzel

hasn't made this showing, so I will deny a certificate of appealability. Wenzel may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

ORDER

IT IS ORDERED that:

1. Petitioner David G. Wenzel's petition to vacate, Dkt. 1, is DISMISSED with prejudice as untimely.

2. A certificate of appealability is DENIED.

3. Petitioner's motion in opposition, Dkt. 10, is GRANTED in part solely to treat it as a response to the court's show cause order but otherwise DENIED.

4. The clerk of court is directed to enter judgment and close the case.

Entered September 17, 2025.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge